UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GREG BROADNAX, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-161-JMS-MJD |
| | ) | |
| JOHN OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Greg Broadnax is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Northern District of Indiana. *See United States v. Broadnax*, 536 F.3d 695 (7th Cir. 2008).

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1.      A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not     . . . be[ ] adequate to test the legality of the conviction and  sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2.      A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under §

2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

3.   Broadnax was convicted of a drug offense. He now contends that he is "actually innocent" because he stands convicted of a "nonexistent offense." Broadnax relies on the U. S. Supreme Court's recent decision in *United States v. DePierre*, 131 S. Ct. 2225 (2011), as authority for his argument that he has not been convicted of a federal offense.

4.   The question presented in *DePierre* was whether the text of 21 U.S.C. § 841(b)(1)(A)(iii), wherein 50 grams or more of "cocaine base" triggers the mandatory minimum ten-year sentence, encompasses solely crack cocaine or any form of cocaine in its "basic form." The Supreme Court upheld the First Circuit Court of Appeals' decision that "cocaine base" refers to cocaine in its "basic form," and not solely crack cocaine. *DePierre,* 131 S. Ct. at 2237. Thus, it is now clear that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically base form." *Id.* Nothing in *DePierre*, however, decriminalizes the conduct with which Broadnax was charged or of which he stands convicted.

5.   The petitioner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: _07/19/2012_

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Greg Broadnax
Reg. No. 08660-027
Terre Haute U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808